UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENESIS HEALTH VENTURES OF NAUGATUCK, INC. d/b/a GLENDALE CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:06CV00689 (JGP) |

## ANSWER

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiffs' Complaint ("the Complaint") as follows:

### FIRST DEFENSE

This action arises solely under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh ("the Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency decision that is within the scope of 42 U.S.C. § 1395oo(f)(1).

### SECOND DEFENSE

Plaintiffs' claims for additional reimbursement under the Medicare program are barred on the grounds of estoppel, laches, res judicata, statute of limitations, and waiver.

THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

FOURTH DEFENSE

Using the same paragraph numbering as the Complaint, the Secretary answers Plaintiffs' specific allegations in the Complaint as follows:

1. Denies, except to admit that Plaintiffs operate licensed skilled nursing facilities ("SNFs") that provide some services covered under the Medicare program.

2. This paragraph contains Plaintiffs' characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

3. Denies, except to admit that this action arises solely under the Medicare statute, 42 U.S.C. §§ 1395-1395hhh.

4. Denies, except to admit that the Court's subject matter jurisdiction obtains solely under the Medicare statute, and is limited to review of any final agency decision that is within the scope of 42 U.S.C. § 1395oo(f)(1).

5. Admits.

6. Admits that Plaintiffs operate 211 SNFs, which are identified in the caption of the Complaint; located in the 16 states listed in this paragraph of the Complaint; and are the subject of this action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs operate Medicare-certified SNFs

directly or through wholly-owned subsidiaries, management contracts, lease agreements, or joint ventures; to the extent a response to those allegations is deemed necessary, denies.

7. Denies, except to admit that the Secretary, who is principally responsible for administration of the Medicare program, has delegated considerable authority for program administration to the Administrator of the Centers for Medicare and Medicaid Services. Defendant avers that on June 29, 2001, the Secretary changed the name of the Health Care Financing Administration ("HCFA") to the Centers for Medicare and Medicaid Services ("CMS"). 66 Fed. Reg. 35437 (July 5, 2001).

8. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to 42 U.S.C. §§ 1395x(v), 1395yy(a)-(c) and 42 C.F.R. §§ 413.1-413.157 for a full and accurate statement of their provisions for reasonable cost reimbursement of certain covered services furnished by Medicare-participating SNFs; and to 42 U.S.C. § 1395yy(d)-(e) and 42 C.F.R. §§ 413.300-413.355 for a full and accurate statement of their provisions for prospectively determined payment rates for certain covered services furnished by Medicare-participating SNFs.

9. The first sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to 42 U.S.C. § 1395h and to 42 C.F.R.

§§ 421.1-421.128 for a full and accurate description of the role of the Medicare fiscal intermediaries in the provider reimbursement process.  Admits the second sentence.

   10.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395h and to 42 C.F.R. §§ 421.1-421.128 for a full and accurate description of the role of the Medicare fiscal intermediaries in the provider reimbursement process.

   11.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395g(e) and to 42 C.F.R. § 413.64(h) for a full and accurate description of their provisions for periodic interim payments for certain covered services furnished by providers participating in the Medicare program.

   12-13.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 C.F.R. § 413.24(f) for a full and accurate description of the function of the Medicare cost report; to 42 U.S.C. § 1395h and to 42 C.F.R. §§ 421.1-421.128 for a full and accurate account of the role of the Medicare fiscal intermediaries in the provider reimbursement process; and to 42 C.F.R. § 405.1803 for a full and accurate description of the notice of program reimbursement ("NPR") issued by a

fiscal intermediary to a provider participating in the Medicare program.

14-17.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the cited provisions of the Medicare statute and regulations for a full and accurate description of the exclusive process for administrative and judicial review of provider reimbursement disputes.

18.  Denies, except to admit that the fiscal periods at issue in the three administrative appeals that underlie this action ("the three underlying administrative appeals") are provider fiscal years ending ("FYEs") in 1995, 1996, 1997, and 1998.  (See Certified Administrative Record ("AR") 524-25, 568-82, 626-36.)

19.  Denies, except to admit that the providers that participated in the three underlying administrative appeals received some Medicare reimbursement on a reasonable cost basis for the fiscal periods at issue in those appeals.

20.  Denies, except to admit that the providers that participated in the three underlying administrative appeals incurred, in FYEs 1995, 1996, 1997, and 1998, four types of costs that were at issue in those appeals (collectively, "the four contested costs"): workers' compensation insurance costs; federal unemployment tax ("FUTA"); state unemployment tax ("SUTA"); and Federal Insurance Contribution Act tax ("FICA").

21.  Admits the first and second sentences of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations

contained in the third sentence; to the extent a response is deemed necessary, denies.

22. This paragraph contains Plaintiffs' characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

23. Admits.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph; to the extent a response is deemed necessary, denies. Denies the second sentence.

25. Denies.

26. Denies, except to admit that the providers that participated in the three underlying administrative appeals allocated, in their FYE 1995, 1996, 1997, and 1998 cost reports, the four contested costs to the employee health and welfare ("EH&W") cost center. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations that the providers' allocation of the contested costs to the EH&W cost center was consistent with the historic position of the Medicare fiscal intermediaries; to the extent a response to those allegations is deemed necessary, denies.

27. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the cited Medicare regulation for a full and accurate statement of its contents.

28. This paragraph contains Plaintiffs' characterization of an April 14, 1998 letter from a Medicare fiscal intermediary to HCFA, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations that the providers that participated in the three underlying administrative appeals did not have contemporaneous knowledge of the fiscal intermediary's April 14, 1998 letter to HCFA; to the extent a response is deemed necessary, denies.

29. This paragraph contains Plaintiffs' characterization of, and incomplete quotation from, an undated letter from HCFA to a Medicare fiscal intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the undated letter from HCFA to a Medicare fiscal intermediary, (see AR 682), which is the best evidence of the letter's contents, for a full and accurate statement of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations that the providers that participated in the three underlying administrative appeals did not have contemporaneous knowledge of HCFA's undated letter to the fiscal intermediary; to the extent a response is deemed necessary, denies.

30. This paragraph contains Plaintiffs' characterization of a June 15, 1998 letter from a Medicare fiscal intermediary to HCFA, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary

respectfully refers the Court to the full text of the June 15, 1998 letter from a fiscal intermediary to HCFA, (see AR 684), which is the best evidence of the letter's contents, for a full and accurate statement of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations that the providers that participated in the three underlying administrative appeals did not have contemporaneous knowledge of the fiscal intermediary's June 15, 1998 letter to HCFA; to the extent a response is deemed necessary, denies.

      31-32. These paragraphs contain Plaintiffs' characterization of, and incomplete quotation from, an unsigned July 6, 1998 letter from HCFA to a Medicare fiscal intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the unsigned July 6, 1998 letter from HCFA to a fiscal intermediary, (see AR 686-87), which is the best evidence of the letter's contents, for a full and accurate statement of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations that the providers that participated in the three underlying administrative appeals did not have contemporaneous knowledge of HCFA's unsigned July 6, 1998 letter to the fiscal intermediary; to the extent a response is deemed necessary, denies.

      33. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The

Secretary respectfully refers the Court to the cited provision of the Medicare statute for a full and accurate statement of its contents.

34.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; to the extent a response is deemed necessary, denies.

35.  Denies, except to admit that the fiscal intermediaries issued between February 14, 1997 and June 23, 2000 initial NPRs (i.e., "final determinations" of Medicare reimbursement) for the FYE 1995, 1996, 1997, and 1998 cost reports of the providers that participated in the three underlying administrative appeals.  (See AR 524-25, 568-82, 626-36).

36.  Denies, except to admit that the Medicare fiscal intermediaries' initial NPRs did not adjust the providers' allocation of the four contested costs to the EH&W cost center for the FYE 1995, 1996, 1997, and 1998 cost reports of the providers that participated in the three underlying administrative appeals.

37.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the cited decision of the Provider Reimbursement Review Board ("PRRB"), (see AR 433-45), for a full and accurate statement of its contents.

38.  Denies, except to admit that the Medicare fiscal intermediaries' initial NPRs

did not adjust the providers' allocation of the four contested costs to the EH&W cost center for the FYE 1995, 1996, 1997, and 1998 cost reports of the providers that participated in the three underlying administrative appeals.

39-41.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs; to the extent a response is deemed necessary, denies.

42.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the cited decisions of the PRRB, (see AR 447-68, 470-90), for a full and accurate statement of their contents.

43.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

44.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; to the extent a response is deemed necessary, denies.

45.  Denies.

46.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

47.  The first and sentences of this paragraph contain Plaintiffs' characterization of three November 19, 1999 letters from Plaintiffs to the PRRB, not allegations of fact, and

thus no response is required; to the extent a response is deemed necessary, denies the first and second sentences. The Secretary respectfully refers the Court to the full text of Plaintiffs' three November 19, 1999 letters to the PRRB, (see AR 935-37, 939-41, 961-63), which is the best evidence of the letters' contents, for a full and accurate statement of their contents. Denies the third and fourth sentences.

    48. Denies the first sentence of this paragraph. The second sentence contains incomplete quotations from a dissenting opinion and a concurring opinion by two members of the PRRB regarding an administrative appeal that is not at issue in this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the entire decision of the PRRB regarding this other administrative appeal, (see AR 544-52), for a full and accurate statement of its contents.

    49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; to the extent a response is deemed necessary, denies.

    50. The first, second, and third sentences of this paragraph contain Plaintiffs' characterization of a February 13, 2006 decision of the PRRB, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the PRRB's February 13, 2006 decision, (see AR 5-7), which is the best evidence of the decision's contents, for a full

and accurate statement of its contents. The fourth sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the cited provisions of the Medicare statute and regulations for a full and accurate statement of their contents.

51. Denies.

52. This paragraph contains Plaintiffs' prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation in the Complaint.

The Secretary respectfully requests the Court to enter judgment affirming the validity of the challenged agency actions, dismissing the Complaint and action with prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary is filing separately the certified two-volume administrative record for this action.

Respectfully submitted,

   /s/
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

              /s/
_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
Facsimile: (202) 514-8780


              /s/
_____
GERARD KEATING
Attorney
U.S. Department of Health and
      Human Services
Office of the General Counsel
Room 5309 Cohen Building
330 Independence Ave., S.W.
Washington, D.C. 20201
(202) 619-3377
Facsimile: (202) 401-1405

Counsel for Defendant